IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

WAYNE ERNEST BARKER,  #900987          §
                                       §
V.                                     §          CIVIL ACTION NO. G-05-087
                                       §
DR. JOSEPH TAYLOR, ET AL.              §

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff Wayne Ernest Barker, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The particularity with which Plaintiff has pleaded his claims makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead.  A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having reviewed Plaintiff's complaint, this Court makes the following recommendation to the District Judge.

When a plaintiff seeks to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2).  A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact.  *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989);  *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892

F.2d 438 (5th Cir. 1990). A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).

Plaintiff was an inmate at the Carole Young Medical Facility in Dickinson, Texas when the incident made the basis of this suit occurred. He filed this civil rights action alleging that Defendants assaulted him by forcing him to sit in a wheelchair against his wishes. He also asserts that Defendants Taylor and Sweeten conspired to inflict an injurious assault upon him. Plaintiff has informed the Court that he did not initiate the required grievance procedure against the Defendants because they are employees of the University of Texas Medical Branch and thus are "not within the authority of TDCJ (the warden) to correct."

Section 1997e, as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion under the PLRA is mandatory, and the requirement is strictly construed. *See Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings. *See Booth v. Churner* 532 U.S. 731, 740-41 (2001). The Court does not "inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; prisoners simply "must exhaust such

administrative remedies as are available, whatever they may be." *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003), *cert. denied,* 541 U.S. 1012 (2004).  Failing to exhaust the TDCJ-CID's available grievance procedures pursuant to the PLRA, Plaintiff is barred from pursuing the instant suit.

For the foregoing reasons, this Court **RECOMMENDS** that the instant cause **be DISMISSED with prejudice for failure to exhaust administrative remedies**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **June 1, 2006,** in which to have written objections physically on file in the Office of the Clerk.  The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300.  Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___12th___ day of May, 2006.

_____
John R. Froeschner
United States Magistrate Judge

3