IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WAYNE ERNEST BARKER, | § | |
| TDCJ #900987, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-0087 |
| | § | |
| DR. JOSEPH TAYLOR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM AND ORDER</u>

State inmate Wayne Ernest Barker (TDCJ #900987), has filed a civil rights complaint under 42 U.S.C. § 1983. Barker, who proceeds *pro se* and *in forma pauperis*, has filed a supplemental complaint and an amended complaint. The defendants have filed a motion to dismiss. (Doc. # 69). Barker has not filed a response and his time to do so has expired. After reviewing all of the pleadings, and the applicable law, the Court grants the defendants' motion and **dismisses** this case for reasons that follow.[1]

## I.    <u>BACKGROUND</u>

Barker is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, TDCJ) at the Skyview Unit in Rusk, Texas. Barker has filed suit against two individuals who are employed by the University of Texas

---

[1]    On October 25, 2007, this case was reassigned to United States District Judge Melinda Harmon pursuant to General Order 2007-10. The case is being handled by the undersigned by agreement of the judges.

Medical Branch ("UTMB") to provide health care to inmates at one of TDCJ's medical facilities: Physician's Assistant Ms. Fuentes and Nurse Ann Sweeten. Barker alleges that he was mistreated by the defendants, who forced him to sit in a wheelchair for an extended period of time on October 31, 2004, aggravating a painful bedsore.[2]

The defendants have filed a motion to dismiss, noting that Barker failed to exhaust administrative remedies as required before filing suit in federal court. Barker, who has not filed a response to the motion, concedes in his pleadings that he did not file any grievances concerning the incident referenced in the complaint.[3] The parties' contentions are addressed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim

---

[2]    The original complaint also names Dr. Joseph Taylor as the lead plaintiff. Barker has dismissed Dr. Taylor from the lawsuit in an amended complaint, substituting Physician's Assistant Ms. Fuentes in his place. (Doc. # 45).

[3]    This case was dismissed previously for the plaintiff's failure to exhaust administrative remedies. The Fifth Circuit reversed and remanded the case on April 9, 2007, following the Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910, 921 (2007), which held that inmates are not required to specifically plead or demonstrate exhaustion because the failure to exhaust is an affirmative defense. *See Barker v. Taylor*, No. 06-41034 (5th Cir.) (Doc. # 47).

upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002).  Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

3

Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.  Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   **DISCUSSION**

The defendants have filed a motion to dismiss, asserting that the complaint in this case is barred from review because Barker failed to comply with the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), by promptly presenting his claims for consideration by prison officials before filing suit.  Under the PLRA, codified as amended at 42 U.S.C. § 1997e(a), an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law."  The Supreme Court has held repeatedly that § 1997e(a) requires exhaustion of *all* administrative procedures before an inmate can sue in federal court. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the PLRA requires exhaustion of

4

all claims concerning prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong).

TDCJ has a formal two-step administrative grievance process. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). A Step 1 grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or challenged event. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Once an inmate receives a response to his Step 1 grievance, he then has up to ten days to file a Step 2 grievance to appeal an unfavorable result. *See id*. Step 2 grievances are reviewed at the state level. *See id*.; *Wendell*, 162 F.3d at 891. An inmate must pursue a grievance through both steps of the administrative process for his claim to be considered exhausted. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

The defendants note that the grievance procedures are outlined in TDCJ's Offender Orientation Handbook, which is distributed to all offenders upon their placement in the prison system. Likewise, instructions on how to write and submit grievances, which include specific directions about how to properly file Step 1 and Step 2 grievances, are posted in prominent locations throughout TDCJ facilities. Barker, who admits in his pleadings that he did not file a step 1 or a Step 2 grievance regarding the defendants in this case or the incident described in his complaint, does not dispute the defendants' assertion that he failed to exhaust his administrative remedies as required by § 1997e(a). (Doc. # 1, Memorandum attached to

5

the Complaint).  Thus, it is apparent that Barker did not file any grievances concerning the defendants or the incident referenced in the complaint.

The Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2387 (2006), which demands compliance with prison procedural rules. Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules.  *See id.*, 126 S. Ct. at 2389-90.  As the Fifth Circuit has observed, "TDCJ has promulgated a detailed, complex, and carefully thought-out program to facilitate the filing of grievances and assure their prompt, dispassionate investigation."  *Wright*, 260 F.3d at 358.  Because it is evident that Barker failed to properly exhaust his administrative remedies in compliance with prison procedures before filing suit in federal court, the Court concludes that his complaint must be dismissed for lack of compliance with § 1997e(a).

## IV.    <u>CONCLUSION AND ORDER</u>

The pleadings filed in this case fail to state a claim upon which relief can be granted at this time because Barker clearly failed to exhaust administrative remedies in compliance with prison procedures and the PLRA before filing suit in federal court.

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.    The defendants' motion to dismiss (Doc. # 69) is **GRANTED**.

2.    This case is **DISMISSED** for failure to exhaust available administrative remedies.

6

The Clerk is directed to provide a copy of this order to the parties.

SIGNED on  April 2nd , 2008.

Nancy F. Atlas
United States District Judge